FOX INVESTMENTS LLC
2220 N. LYNNDALE DRIVE
APPLETON, WISCONSIN 54914,

       Plaintiff,

       v.                                           Case No. 26-CV-1295

CITY OF KAUKAUNA
144 W. 2ND STREET
KAUKAUNA, WI, 54130,

SENTRY INSURANCE COMPANY,
F/K/A SENTRY INSURANCE A MUTUAL COMPANY
1800 NORTH POINT DRIVE
STEVENS POINT, WI 54881,

THE TRAVELERS INDEMNITY COMPANY
ONE TOWER SQUARE
HARTFORD, CT 06183,

EMPLOYERS INSURANCE COMPANY OF WAUSAU
2000 WESTWOOD DR
WAUSAU, WI 54401,

and

ABC INSURANCE COMPANY,

       Defendants.

---

**COMPLAINT**

---

       The Plaintiff, Fox Investments LLC, ("Fox Investments"), as and for its Complaint against

the Defendants, City of Kaukauna, Sentry Insurance a Mutual Company, The Travelers Indemnity

Company, Employers Insurance Company of Wausau, and ABC Insurance Company, alleges as

follows:

1

## NATURE OF THE ACTION

1. This is an action for recovery of response costs and damages incurred by Fox Investments arising from environmental contamination on property formerly owned and/or operated by the City of Kaukauna located at 400 Fox Shores Drive, Kaukauna, Wisconsin (the "Property").

## PARTIES

2. Fox Investments is a Wisconsin limited liability company with its primary office located at 2220 N. Lynndale Drive, Appleton, Wisconsin 54914. Fox Investments (and other affiliated parties) owned all or portions of the Property from approximately February 1998 to January 2020, where it operated an apartment complex known as Fox Shore Apartments.

3. Defendant, City of Kaukauna, is a municipality located in Outagamie County, with its city hall located at 144 W. 2nd Street, Kaukauna, WI, 54130. The City owned and operated the Property and adjacent property formerly owned by Chicago & Northwestern Railroad ("C&NW") from June 1967 to September 1974.

4. Defendant, Sentry Insurance a Mutual Company ("Sentry"), is an insurance company licensed to do business in Wisconsin with its primary office located at 1800 North Point Drive, Stevens Point, WI 54481. Upon information and belief, Sentry provided insurance coverage to the City during a period of time where the City owned and operated the Property. Upon information and belief, Sentry's policy provides coverage for the Plaintiff's claims and Sentry is directly liable pursuant to Wisconsin's direct-action statute, Wis. Stat. § 632.24.

5. Defendant, the Travelers Indemnity Company ("Travelers"), is an insurance company licensed to do business in Wisconsin with its primary office located One Tower Square Hartford, CT 06183. Upon information and belief, Travelers provided insurance coverage to the

Case 1:26-cv-01295-BBC    Filed 07/23/26    Page 2 of 10    Document 1

City during a period of time where the City owned and operated the Property. Upon information and belief, Traveler's policy provides coverage for the Plaintiff's claims and Traveler's is directly liable pursuant to Wisconsin's direct-action statute, Wis. Stat. § 632.24.

6. Defendant, the Employers Insurance Company of Wausau, ("Wausau"), is an insurance company licensed to do business in Wisconsin with its primary office located at 2000 Westwood Drive, Wausau, WI 54401. Upon information and belief, Wausau provided insurance coverage to the City during a period of time where the City owned and operated the Property. Upon information and belief, Wausau's policy provides coverage for the Plaintiff's claims and Wausau is directly liable pursuant to Wisconsin's direct-action statute, Wis. Stat. § 632.24.

7. Defendant, ABC Insurance Company, is a fictitious insurance company that, upon information and belief, provided coverage to the City during a period of time where the City owned and operated the Property and is being named pursuant to Wis. Stat. § 807.12. ABC Insurance Company's policy provides coverage for the Plaintiff's claims and ABC Insurance Company is directly liable pursuant to Wisconsin's direct-action statute, Wis. Stat. § 632.24.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims set forth in this complaint under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); and 28 U.S.C. § 1331, the federal question jurisdiction statute.

9. This Court also has supplemental jurisdiction over the state law claims and parties thereto pursuant to 42. U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendants and is the appropriate venue under 28 U.S.C. § 1391(b)(2) because the Property and the City are located in this District.

## FACTUAL BACKGROUND

11.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

12.     The Property was previously owned and operated by C&NW as a part of a large railyard with a roundhouse.

13.     The City purchased the Property in 1967 from C&NW on an "as is" basis with the intent and purpose to take responsibility to clear the site for future re-development.

14.     The City sold the Property in September 1974 to certain individuals to develop the apartment complex but retained responsibility to install sanitary sewer and water main, perform site grading and removal of the buildings.

15.     In November 1974, the City burned down the structures and, upon information and belief, the site clearing activities caused or contributed to the spread of contamination on the Property and adjoining properties.

16.     The Property remained undeveloped until approximately 1983, when the the existing multi-use residential structure along Bicentennial Court was developed. A second phase of residential structures were developed in 1992 along Fox Shores Drive.

17.     In 2018, a Phase II Environmental Site Assessment was performed on the Property by a lender, which revealed the presence of heavy metals, including arsenic, cadmium, lead, selenium and mercury in surficial soil samples and polycyclic aromatic hydrocarbon (PAH) constituents including benzo(b)fluoranthene, fluoranthene, benzo(a)pyrene and chrysene in groundwater at levels in excess of State of Wisconsin standards.

18.     As required under Wisconsin's Spill Law, § 292.11, Wis. Stats., the contamination was reported to the Wisconsin Department of Natural Resources (DNR) and on January 17, 2019,

DNR issued a responsible party letter to Fox Investments, the then Property owner, notifying it that was responsible to investigate and remediate the contamination.

19. Fox Investments immediately retained Stantec Consulting to perform the DNR required activities, and the site was considered closed by DNR on May 10, 2022. Fox Investments has incurred $235,683.63 to investigate and remediate the property.

20. During the course of the investigation by Stantec and DNR, it was determined that contamination was likely present on adjacent parcels owned by the City and others. DNR met with the City to discuss the contamination and on January 7, 2022, DNR issued a responsible party letter to the City directing it to investigate and remediate its adjoining property.

21. On or about March 1, 2022, the City hired Stantec and, based largely on the data generated by Stantec to investigate the Property on behalf of Fox Investments, Stantec developed remedial action plan for the city-owned parcel that was approved by DNR but remains unperformed.

22. Fox Investments subsequently undertook efforts to investigate responsible parties for the contamination.

23. By letter dated February 2, 2023, Fox Investments requested public records from the City related to its ownership and operations at the Property.

24. By letter dated May 24, 2023, Fox Investments submitted a Notice of Circumstances of Claim to the City.

25. By letter dated October 13, 2023, Fox Investments submitted a Notice of Claim to the City, followed by a notice to Sentry Insurance dated October 27, 2023. On or about August 21, 2024, Sentry notified Travelers of the claim.

26.     Since October 2023, Fox Investments has provided the City and Sentry with information related to the claim and engaged in discussion about possible resolution, but those efforts have been unsuccessful.

27.     As part of attempting to negotiate resolution, Fox Investments entered into a tolling agreement with the City, Sentry, and Travelers on October 22, 2025.

28.     Wausau was added to the tolling agreement by agreement of the parties on June 16, 2026.

29.     The tolling agreement between the parties was extended by agreement until July 15, 2026, at which time Fox Investments let it expire in order to file this lawsuit..

### COUNT I: COST RECOVERY UNDER CERCLA 42 U.S.C. § 9607(A)

30.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

31.     Fox Investments is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

32.     The contamination discovered at the Property included "hazardous substances" as that term is defined in CERCLA.

33.     A "disposal" and "release" of "hazardous substances" into the "environment" has occurred at the Property as defined by Sections 101(8)(14), (22), and (29) of CERCLA, 42 U.S.C. §§ 9601(8)(14), (22), and (29).

34.     The City of Kaukauna owned and operated the Property from 1967 through 1974 for the purpose of clearing and grading the Property for future use and redevelopment, during which time it caused or contributed to the disposal and release of hazardous substances into the environment.

35. The City is a responsible party under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as a past owner and/or operator of the Property at the time of disposal of hazardous substances and as an arranger for disposal of hazardous substances at the Property.

36. The disposal and release of hazardous substances in connection with the Property have caused Fox Investments to incur necessary response costs consistent with the NCP.

37. Fox Investments is entitled to recover from the City, along with its insurers, pursuant to 42 U.S.C. § 9607(a), response costs (including attorneys' fees) incurred by Fox Investments in connection with the investigation and remediation of the Property.

38. The Properties constitute a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

39. Under CERCLA Section 107(a)(4)(B), the City is strictly liable for costs of response under 42 U.S.C. § 9607(a)(4)(B).

40. Accordingly, Fox Investments is entitled, pursuant to CERCLA, 42 U.S.C. § 9607(a), to recover its response costs in connection with the Property from Defendants.

41. Pursuant to Section 113(l) of CERCLA, 42 U.S.C. § 9613(l), Fox Investments will provided a copy of this Complaint to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency.

## COUNT II: NEGLIGENCE

42. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

43. The City of Kaukauna failed to exercise due care in its handling and disposal of hazardous substances, pollutants and contaminants as part of its operation/clearing of the Property.

44. The City of Kaukauna failed to exercise its due care by agitating, spreading, and otherwise depositing contaminants all over the Property.

45.     The City of Kaukauna's conduct resulted in spills and has caused hazardous substances, pollutants and contaminants to be deposited throughout the Property.

46.     The City of Kaukauna knew, or in the exercise of reasonable care should have known, that as a result of its activities, hazardous substances, pollutants and contaminants were substantially certain to be released to the Property, causing or contributing to contamination.

47.     The City of Kaukauna also had a duty to exercise reasonable care in addressing the known contamination at the site.

48.     The City of Kaukauna failed to exercise due care required in responding to the known contamination at the Property and did not take the steps necessary to mitigate, clean up, and stop continuing migration of the contamination.

49.     As a direct and proximate cause of Defendant's acts and omissions with respect to their handling of contaminants at the Properties, Fox Investments has sustained injuries and damages in an amount to be determined at trial.

50.     Upon reasonable investigation, Fox Investments discovered the City's negligent conduct had caused its injury on or about May 23, 2023, when it provided the Notice of Circumstances to the City.

## COUNT III: UNJUST ENRICHMENT

51.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

52.     Fox Investments hired Stantec Consulting and paid for its services to investigate the nature and extent of contamination discovered at the Property.

53.     When the City received its responsible party letter from the DNR in January 2022, it hired Stantec Consulting expressly due to Stantec's familiarity with the site and work already preformed, which was paid for by Fox Investments.

54.     Fox Investments conferred a benefit to the City of Kaukauna by allowing it to use Stantec Consulting's work for the City's response to the DNR.

55.     The City of Kaukauna had knowledge and appreciation of this benefit and indeed, decided to proceed with Stantec Consulting because of the substantial benefit.

56.     Under the circumstances, it would be unjust for the City of Kaukauna to retain the benefit of the work performed by Stantec Consulting (as paid for by Fox Investments) without compensating Fox Investments.

57.     Fox Investments is entitled to judgment against the City of Kaukauna in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Fox Investments LLC, prays that this Court enter judgment in its favor and against Defendant, City of Kaukauna, granting the following relief:

A.     Judgment in favor of Fox Investments and against Defendants awarding compensatory damages, with interest and costs (including reasonable attorney fees), in an amount to be proven at trial;

B.     An Order under Section 107 of CERCLA, 42 U.S.C. § 9607, requiring Defendants to reimburse Fox Investments for all past response costs, including the costs of investigation and remediation activities to address releases and threatened releases of hazardous substances at the Property.

C.     An Order requiring Defendants to pay Fox Investments pre-judgment interest on all costs and damages to be paid to Fox Investments;

D.     An Order awarding Fox Investments all costs associated with this action, including, but not limited to reasonable attorney fees and any expert or consulting fees

G.     Awarding such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff, Fox Investments LLC, hereby demands a jury trial on all matters so triable as to the above cause of action.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2026.

HALLING & CAYO, S.C.
Attorneys for the Plaintiff, Fox Investments LLC

Electronically signed by Stephen M. Cox
    M. Andrew Skwierawski
    State Bar No. 1063902
    Ted A. Warpinski
    State Bar No. 1018812
    Stephen M. Cox
    State Bar No. 1086607

320 E. Buffalo St., Suite 700
Milwaukee, WI 53202
Telephone: (414) 271-3400
Facsimile:  (414) 271-3841
mas@hallingcayo.com
taw@hallingcayo.com
smc@hallingcayo.com